MACKECHNIE BREAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4839. Promulgated December 21, 1926.

During the year 1917 the petitioner purchased 75 per cent of the capital stock of a competing company. Prior to January 1, 1919, its three stockholders, as individuals, purchased the remaining 25 per cent of the capital stock of such competitor. In 1920 the petitioner purchased all the assets and assumed all the liabilities of the competing company and paid therefor the amount of $1. *Held*, that the purchase of the stock of the competing company by the petitioner and its shareholders resulted in the affiliation of the two companies, and that the purchase of the assets was an intercompany transaction from which no gain or loss resulted.

*Murdock J. Gillis, Jr., C. P. A.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

The Commissioner has determined a deficiency in income and profits taxes for the years 1920 and 1921, in the respective amounts

of $505.79 and $21.40. The deficiency for 1920 arises from the Commissioner's disallowance of a loss alleged to have been sustained during that year in connection with absorption of the business of the Miller Baking Co., and that for 1921 results from the disallowance of a certain amount as a deduction from gross income on account of depreciation of the tangible assets of the petitioner used in its trade or business. The second issue was abandoned at the hearing.

### FINDINGS OF FACT.

The petitioner is a California corporation with its principal office in Los Angeles. It is engaged in the business of manufacturing bread and selling the same at wholesale.

During the year 1917 the petitioner acquired 75 shares of the stock of the Miller Baking Co., a corporation, with authorized capital in the amount of $10,000, divided into 100 shares of the par value of $100 each, at a cost of $7,740. Prior to January 1, 1920, the three stockholders of this petitioner, as individuals, purchased the remaining 25 shares of the stock of the Miller Baking Co. On February 11, 1920, the petitioner purchased all the assets and assumed all the liabilities of the Miller Baking Co. for $1. Subsequent to February 11, 1920, the Miller Baking Co. had no assets, except $1 paid into its treasury at that date, and its stock was worthless, but was not returned or canceled.

The Miller Baking Co. was operated at a loss from the date of its incorporation.

In its income and profits-tax return for 1920, the petitioner deducted from its gross income the amount of $6,523.05 which, it alleged, it had sustained as loss in connection with the acquisition of the stock and assets of the Miller Baking Co. Upon audit of such return, the Commissioner disallowed the deduction, and held that the amount thereof was paid for the good will of the Miller Baking Co. and that no loss had been sustained by the petitioner in connection with the transactions in question.

### OPINION.

LANSDON: The petitioner avers that it sustained a loss in the amount of $6,523.05 in the transactions through which it acquired the stock and the assets of the Miller Baking Co. It arrives at the amount of the alleged loss by subtracting the net book value of the assets purchased from the Miller Baking Co. for $1 from the amount that it paid for 75 shares of the stock of such company. The Commissioner has disallowed the alleged loss as a deduction from the gross income of the petitioner for the taxable year on the theory that there was only one transaction and that the amount of $6,523.05 represents

the good will value of the Miller Baking Co. acquired by the petitioner when it bought the stock and assets of that concern.

The purchase of all the capital stock of the Miller Baking Co. by the petitioner and its stockholders resulted in the affiliation of the two concerns. The subsequent dealings in the taxable year between the Miller Baking Co. and the petitioner were intercompany transactions from which neither gain nor loss under the income tax laws resulted.

> *Judgment will be entered for the Commissioner.*